

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 4867 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Davy Cady vs. Miss Paige, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The individual defendants Renee Powell, Amy Karaba, Jennifer Howenstine, and Beverly Rumishek are dismissed from Count I of this complaint. Counts II and III are dismissed because they are preempted by the IHRA. Thus, the only remaining cause of action before this Court is whether defendant Miss Paige Ltd. violated the ADEA as alleged in Count I of the complaint. This case is set for status on Thursday, 5/1/2003 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | APR 03 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | 03 APR -2 AM 9:49 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVY CADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 4867 |
| | ) |
| MISS PAIGE, LTD., an Illinois | ) Wayne R. Andersen |
| corporation, RENEE POWELL, AMY | ) District Judge |
| KARABA, JENNIFER HOWENSTINE, | ) |
| BEVERLY RUMISHEK, and various | ) |
| unknown others, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED APR 0 2 2003**

## MEMORANDUM, OPINION AND ORDER

The plaintiff, Davy Cady, has filed a three-count complaint against the defendants Miss Paige Ltd. ("Miss Paige"), an Illinois corporation, Renee Powell, Amy Karaba, Jennifer Howenstine, and Beverly Rumishek. The complaint seeks to hold all defendants liable for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, common law negligent infliction of emotional distress, and common law intentional infliction of emotional distress. The individual defendants have filed a motion to dismiss Count I, and all defendants have filed a motion to dismiss Counts II and III. For the following reasons, the motions to dismiss are granted.

## BACKGROUND

The following facts are taken from Cady's complaint and defendant Miss Paige's answer. Sometime in January or February 2001, the plaintiff, who was unemployed, contacted the defendant Miss Paige, an employment agency, regarding certain job advertisements he had seen

in a newspaper. Plaintiff alleges that, after inquiring about the employment opportunities with the individual defendants, the defendants invited him to apply for the jobs, but only if he provided his high school graduation date. Plaintiff further alleges that he offered to substitute his college graduation date for his high school graduation date. However, he claims the defendants told him that the high school graduation date was an essential piece of information, and without it his application could not be processed. The plaintiff asserts that the request for his high school graduation date was really a means to discover his age and, therefore, was discriminatory. The request was made to him by Renee Powell, Amy Karaba, Jennifer Howenstine, and Beverly Rumishek. Defendants admit asking for the plaintiff's high school graduation date for what they claim are legitimate and nondiscriminatory reasons.

The plaintiff never completed or submitted an employment application to Miss Paige. Plaintiff alleges that he has remained unemployed since the alleged incident. Further, plaintiff contends that he would have likely found work through Miss Paige's efforts. As a result of not finding work through Miss Paige, plaintiff claims he suffered emotional distress, which included "ulcer-like conditions, loss of sleep, and daily worry as to where his next meal or rent payment would come from." (Compl. at ¶ 48.)

## DISCUSSION

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). In ruling on a motion to dismiss, the Court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc., v. Coram Healthcare Corp.,

113 F.3d 645, 648 (7th Cir. 1997). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

I.      **Violation of the Age Discrimination in Employment Act of 1967**

Plaintiff alleges in his complaint that defendants Powell, Karaba, Howenstine, and Rumishek violated the ADEA by requiring the plaintiff to provide his high school graduation date in order to process his job application. Plaintiff's claim must fail as to the individual defendants.

The ADEA and Title VII apply a virtually identical definition of "employer." Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995). Because of these nearly identical definitions, the Seventh Circuit has applied the Title VII interpretations rejecting individual liability to the ADEA. Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 n.2 (7th Cir. 1995); Williams, 72 F.3d at 553; Silk v. City of Chicago, 194 F.3d 788, 797 (7th Cir. 1995). See also Horowitz v. Board of Educ. of Avoca School Dist. No. 37, 260 F.3d 602, 620 n.2 (7th Cir. 2002); U.S.E.E.O.C. v. Homer, 1995 WL 470266, at *1 (N.D. Ill. Aug. 4, 1995) ("the definition suggests that Congress did not intend individual capacity liability when it passed the statute"). Under the ADEA, an employer is defined as "a person engaged in an industry affecting commerce who has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

Thus, because this Court must apply the Title VII interpretations rejecting individual liability under ADEA claims, the plaintiff's claim against the individual defendants Powell, Karaba,

3

Howenstine, and Rumishek fails because they are not employers for purposes of the ADEA. Plaintiff's claim against Miss Paige, however, may still be maintained because Miss Paige is an employer for purposes of the ADEA.

## II. Common Law Negligent Infliction of Emotional Distress and Common Law Intentional Infliction of Emotional Distress

Counts II and III of plaintiff's complaint allege the state law tort actions for negligent infliction of emotional distress and intentional infliction of emotional distress. Defendant argues that these counts are preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101, *et seq.*, because they are "inextricably linked" to a claim for a civil rights violation under the IHRA.

The IHRA preempts state tort claims that are "inextricably linked" to a civil rights violation within the meaning of that statute. Krocka v. City of Chicago, 203 F.3d 507, 516 (2000) (citing Geise v. Phoenix Co. of Chicago, Inc., 159 Ill.2d 507, 514-15, 639 N.E.2d 1273 (1994)). A state tort law claim is not "inextricably linked" to the IHRA if the defendant can sufficiently plead the elements of the tort claim without relying on the legal duties that arise under the civil rights protected by the IHRA. Krocka, 203 F.3d at 517 (citing Maksimovic v. Tsogalis, 177 Ill.2d 511, 515, 687 N.E.2d 21 (1997)). A "civil rights violation" occurs when an employee is terminated on the basis of "unlawful discrimination." 775 ILCS 5/2-102. Unlawful discrimination includes "discrimination against a person because of his or her ... age." 775 ILCS 5/1-103.

Plaintiff alleges that the defendants both negligently and intentionally inflicted emotional distress on him by enforcing a discriminatory application procedure that required the plaintiff to

4

disclose his high school graduation date. Plaintiff claims that he was likely to have found work through the defendants, and that earning a living was necessary for his health. As a result of not finding work through the defendants, plaintiff alleges that he experienced emotional distress.

We find that the plaintiff's infliction of emotional distress claims are "inextricably linked" to his employment discrimination claim. Because plaintiff's purported emotional distress is a direct consequence of the defendants' alleged age discrimination violation, plaintiff's tort claims are "inextricably linked" to his age discrimination claim. That is, without the allegation of age discrimination, plaintiff would have no basis for claiming liability for negligent infliction of emotional distress or intentional infliction of emotional distress. Accordingly, we conclude that the infliction of emotional distress claims are "inextricably linked" to the ADEA claim and thus are preempted by the IHRA. We therefore grant the defendants' motions to dismiss Counts II and III.

## CONCLUSION

For the foregoing reasons, individual defendants Renee Powell, Amy Karaba, Jennifer Howenstine, and Beverly Rumishek are dismissed from Count I of this complaint. Counts II and III are dismissed because they are preempted by the IHRA. Thus, the only remaining cause of action before this Court is whether defendant Miss Paige Ltd. violated the ADEA as alleged in Count I of the complaint. This case is set for status on Thursday, May 1, 2003, at 10:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 31, 2003

5