| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 2 C 4867 | DATE | 4/29/2004 |
| CASE TITLE | Davy Cady vs. Miss Paige, Ltd. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, defendant Miss Paige's motion for summary judgment [29-1] is granted, and plaintiff Davy Cady's motion for summary judgment [28-1] is denied, terminating the case. We also deny plaintiff's motion for Rule 10(b) and 11(b) sanctions, and all other pending motions [26-1] are denied as moot. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 3 0 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 59 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | APR 3 0 2004 | |
| | | date mailed notice | |
| TSA courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVY CADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 4867 |
| v. | ) |
| | ) Wayne R. Andersen |
| MISS PAIGE, LTD., an Illinois | ) District Judge |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff Davy Cady has filed a *pro se* complaint against defendant Miss Paige Ltd. ("Miss Paige") seeking to hold defendant liable for a violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. Plaintiff contends that Miss Paige's policy of requiring job applicants to disclose their high school attendance and/or graduation dates violates his rights under the ADEA. Plaintiff also has filed a motion for Rule 10(b) and 11(b) sanctions against Miss Paige. For the following reasons, we grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. Plaintiff's motion for sanctions also is denied

## BACKGROUND

The following undisputed facts are taken from Miss Paige's Local Rule 56.1 Statement of Material Facts. Miss Paige is an employment agency that provides job placement services to companies and organizations throughout the Chicago metropolitan area. Beginning in the mid-

1990's, Miss Paige limited its placement services to those clients who predominately employ individuals over 18 years of age or who possess a high school diploma or GED equivalent. Miss Paige limited its placement services to take advantage of a 1995 revision to Illinois law, which exempted employer paid fee agencies from state regulation if the agencies only placed individuals over 18 years of age or those who possess a high school diploma or GED equivalent.

As part of is placement services, Miss Paige represents to its employer-clients that it will verify an applicant's educational, military and employment history in part because the majority of Miss Paige's clients require that their job applicants possess at least a high school diploma or GED equivalent. To accomplish this verification, Miss Paige uses a two-part employment application form which consists of the application itself and a second part which is a document entitled "Notice Regarding Background Investigation." As part of the job application, applicants are requested to disclose their high school attendance dates. Miss Paige requests this information to facilitate the process of verifying an applicant's educational background. Applicants also are expected to completely fill out the application form before Miss Paige will interview the applicant. Miss Paige has an established policy that its hiring representatives are not to proceed with an interview if an applicant fails to complete significant portions of the application form.

In January 2001, Miss Paige was engaged by FTD to fill customer service positions for the upcoming Valentine's Day holiday period. Miss Paige advertised in the Chicago Tribune and other newspapers for these temporary positions. The advertisement instructed interested persons to contact Miss Paige's Lisle office for additional information. Sometime in January 2001, plaintiff David Cady contacted Miss Paige to inquire about the advertisement. After inquiring about the employment opportunity with FTD, plaintiff was invited to visit the Lisle office to

complete a job application for the temporary position. On or about January 17, 2001, Cady visited Miss Paige's Lisle office to fill out a job application for a temporary position with FTD. When filling out Miss Paige's standard application form, plaintiff refused to list his high school attendance dates. A branch manager at Miss Paige explained to plaintiff that all applicants are expected to provide their high school attendance dates on the application form and that Miss Paige requires this information in order to process the application. Plaintiff also did not provide his birth date, driver's license number or a complete work history and did not answer certain questions pertaining to his conviction history and legal ability to work in the United States. Based on the events of January 17, 2001, plaintiff stated that he intended to bring legal action against Miss Paige. However, these events are not part of the current lawsuit.

In February 2001, Miss Paige published an advertisement in the Chicago Tribune for a professional services assistant position. On or about February 12, 2001, plaintiff responded to the advertisement by contacting Miss Paige's Skokie office and spoke with a personnel consultant at Miss Paige. Plaintiff explained his qualifications and inquired whether he might be qualified for the position. Plaintiff was told that he might be qualified for the position and was invited to visit Miss Paige's Skokie office to complete an application. Plaintiff then asked if he would be required to disclose his high school graduation date in order to process his application. The Miss Paige consultant informed plaintiff that he would have to disclose his high school graduation date on the application, and a Miss Paige supervisor later verified that it was company policy to require high school graduation dates from applicants. There is no evidence that Miss Paige ever knew plaintiff's age at that time. Plaintiff never applied for the professional services assistant position that was published in the February 2001 newspaper advertisement.

In April 2001, Miss Paige published an advertisement in the Chicago Tribune for an administrative office assistant position. On or about April 3, 2001, plaintiff responded to the advertisement by contacting Miss Paige's Oak Brook office and spoke with a branch manager. Plaintiff explained his qualifications and inquired whether he might be qualified for the position. Plaintiff was told that he might be qualified for the position and was invited to visit Miss Paige's Oak Brook office to complete an application. Plaintiff then asked if Miss Paige had a policy of requiring an applicant to disclose his high school graduation date in order to process the application regardless of whether the applicant could provide a graduation date from an institution of higher learning. The Miss Paige branch manager informed plaintiff that he would have to disclose his high school graduation date on the application, and a Miss Paige supervisor later verified that it was company policy to require high school graduation dates from applicants. There is no evidence that Miss Paige ever knew plaintiff's age at that time. Plaintiff never applied for the administrative office assistant position that was published in the April 2001 newspaper advertisement.

In August 2001, Miss Paige published an advertisement in the Suburban Life for an office assistant position. On or about August 8, 2001, plaintiff responded to the advertisement by contacting Miss Paige's Oak Brook office and spoke with a staffing manager. Plaintiff explained his qualifications and inquired whether he might be qualified for the position. Plaintiff was told that he might be qualified for the position and was invited to visit Miss Paige's Oak Brook office to complete an application. Plaintiff then asked if Miss Paige had a policy of requiring an applicant to disclose his high school graduation date in order to process the application regardless of whether the applicant could provide a graduation date from an institution of higher learning.

The Miss Paige staffing manager informed plaintiff that he would have to disclose his high school graduation date on the application, and a Miss Paige supervisor later verified that it was company policy to require high school graduation dates from applicants. There is no evidence that Miss Paige ever knew plaintiff's age at that time. Plaintiff never applied for the office assistant position that was published in the August 2001 newspaper advertisement.

Later in August 2001, Miss Paige published an advertisement in the Chicago Tribune for an general office assistant position. On or about August 20, 2001, plaintiff responded to the advertisement by contacting Miss Paige's Rolling Meadow office and spoke with a permanent placement manager. Plaintiff explained his qualifications and inquired whether he might be qualified for the position. Plaintiff was told that he might be qualified for the position and was invited to visit Miss Paige's Rolling Meadow office to complete an application. Plaintiff then asked if Miss Paige had a policy of requiring an applicant to disclose his high school graduation date in order to process the application regardless of whether the applicant could provide a graduation date from an institution of higher learning. The Miss Paige permanent placement manager informed plaintiff that he would have to disclose his high school graduation date on the application, and a Miss Paige supervisor later verified that it was company policy to require high school graduation dates from applicants. There is no evidence that Miss Paige ever knew plaintiff's age at that time. Plaintiff never applied for the general office assistant position that was published in the August 2001 newspaper advertisement.

Thereafter on January 19, 2002, plaintiff filed a complaint with the Illinois Department of Human Rights ("IDHR") against Paige Personnel Services alleging that he was not hired in January 2001 because of his age. Plaintiff subsequently withdrew his complaint with the IDHR.

On November 2, 2001, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Paige Personnel Services alleging that he had been discriminated against based on the company's policy of requiring him to provide his high school graduation date on a job application despite his willingness to offer a graduation date associated with an advanced degree. On April 8, 2002, the EEOC dismissed plaintiff's complaint and provided him with a notice of his rights.

Plaintiff then filed this lawsuit on July 10, 2003 against Miss Paige, Ltd. and four individual defendants alleging discrimination on the basis of age in violation of the ADEA, negligent infliction of emotional distress and intentional infliction of emotional distress. In his complaint, plaintiff alleges, among other things, that he was discouraged and deterred from applying for four positions that were advertised by Miss Paige based on the company's policy of requiring job applicants to disclose their high school attendance dates and/or graduation dates in violation of the ADEA. In an Memorandum, Opinion and Order dated March 31, 2002, this Court dismissed plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress in their entirety against all of the defendants and dismissed the claim for discrimination against the individual defendants.

## DISCUSSION

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply this standard with particular care in employment discrimination cases in which intent and credibility are critical. *Senner v.*

*Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997). Nevertheless, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner*, 113 F.3d at 757.

Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations alone will not defeat a motion for summary judgment. *Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003), citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990). "Speculation does not create a *genuine* issue of fact, instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995) (emphasis added). The fact-intensive nature of employment discrimination cases does not oblige the court to "scour the record" for factual disputes to help a plaintiff avert summary judgment. *Greer v. Bd. Of Ed. Of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

Local Rule 56.1 for the Northern District of Illinois requires that the parties support all disputed facts with specific references to the record and further emphasizes that it is inappropriate to include legal conclusions and/or argument in the Rule 56.1 statements of facts. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) (all relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary materials"). The Seventh

Circuit repeatedly has sustained the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the local rules and regularly upholds strict enforcement of Rule 56.1. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (citing cases).

In this case, Cady has failed to object properly and/or respond to nearly all of Miss Paige's asserted, and properly supported, facts. Miss Paige filed a 43 paragraph statement of undisputed facts, and plaintiff only responded to five of the 43 paragraphs. In support of his summary judgment motion and in response to Miss Paige's motion, plaintiff filed a seven paragraph and 15 subparagraph combined statement of facts. However, plaintiff failed to support his combined statement of facts with any citations to the record.

Plaintiff, however, did submit a supplemental affidavit as support for some of the facts in his combined statement of facts. Rule 56(e) requires that affidavits offered in opposition to summary judgment be made on personal knowledge and set forth such facts as would be admissible at trial. "Although 'personal knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998), quoting *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988). In many instances, that is not the case with Cady's affidavit which contains unsupported conclusory assertions. Because plaintiff has failed to comply with Local Rule 56.1, we adopt Miss Paige's statement of the facts in deciding the summary judgment motions. However, it should be noted that we have reviewed and studied all of the materials submitted by Cady, and when appropriate, we have taken into consideration the materials he has submitted to the Court.

### B. Requiring High School Attendance Dates And/Or A Graduation Date On An Employment Application Is Not A *Per Se* Violation Of The ADEA

Although it is unclear from his complaint, plaintiff seems to argue that requiring job applicants to disclose their high school attendance dates and/or high school graduation dates is a *per se* violation of the ADEA. However, such a claim finds no support in the plain language of the ADEA nor in the regulations promulgated by the EEOC. Nowhere in the ADEA is it illegal for an employer or an employment agency like Miss Paige to require a job applicant to disclose his age on a job application, much less the dates of the applicant's high school attendance or graduation date. *See generally* 29 U.S.C. § 621, *et seq.*

The EEOC has echoed this view in the employer context: "A request on part of the employer for information such as 'Date of Birth' or 'State Age' on an employment application form is not, in itself a violation of the Act." 29 C.F.R. § 1625.5. "Because the EEOC is the primary agency charged with implementing the ADEA, its interpretation is entitled to great deference." *Kralman v. Ill. Dep't of Veterans' Affairs*, 23 F.3d 150, 155 (7th Cir. 1994). By the same token, asking for an individual's age in "help wanted notices or advertisements" is not an ADEA violation. 29 C.F.R. § 1625.4(b); *see also Chudnovsky v. Prudential Sec., Inc.*, 2000 WL 1576876, at *8 (S.D.N.Y. October 23, 2000) (rejecting a *pro se* plaintiff's argument that asking for an individual's age on an employment application was proof of pretext), *aff'd*, 51 Fed. Appx. 901 (2nd Cir. 2002); *Landau v. Bolger*, 1988 WL 69939, at *3 (E.D.N.Y. 1988) (finding lack of evidence that a request for date of birth on an employment application was used to screen out applicants), *aff'd*, 867 F.2d 1424 (2nd Cir. 1988).

9

In light of these principles, plaintiff cannot maintain a cause of action for a *per se* violation of the ADEA simply because Miss Paige requires job applicants to disclose their high school attendance dates and/or graduation dates on an employment application. If requesting a job applicant to provide his age on an application for employment is not a violation of the ADEA, there is even less of a basis for asserting that a policy requiring the disclosure of high school attendance dates and/or graduation date violates the ADEA. To the extent plaintiff's complaint alleges that Miss Paige's policy constitutes a *per se* violation of the ADEA, plaintiff's motion for summary judgment is denied.

### C. Plaintiff Can Not Establish A Prima Facie Case Of Age Discrimination

Alternatively, it appears that plaintiff is arguing that Miss Paige discriminated against him based on his age. Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1) A plaintiff alleging age discrimination under the ADEA can prove such discrimination either by providing direct evidence of an employer's discriminatory intent or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 620 (7th 2001).

Plaintiff has not produced any direct evidence of age discrimination. Thus, we proceed under the *McDonnell Douglas* framework. Under this burden-shifting method to establish a prima facie case of age discrimination in the hiring context, Cady must initially demonstrate: (1)

10

he is age 40 or older; (2) he applied for and was qualified for the position sought; (3) he was rejected for the position; and (4) someone substantially younger than him was selected for the job. *Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672, 675 (7th Cir. 2003). If the plaintiff establishes a prima facie case, then "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reasons for its allegedly biased employment decision." *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). If the employer provides a legitimate, non-discriminatory reason, then the plaintiff must show by a preponderance of the evidence that the employer's stated reason for its decision is nothing more than pretext. *Id.*

It is not disputed that plaintiff is older than age 40. However, to the extent that plaintiff claims that Miss Paige has intentionally discriminated against him based on his age, he has failed to provide any evidence that he applied for and was qualified for the positions he sought with Miss Paige. Indeed, the record demonstrates that plaintiff, in fact, did not complete or submit any applications to Miss Paige for any of the potential jobs at issue in this case. As the Seventh Circuit has recognized, such a failure prevents a plaintiff from establishing a prima facie case of age discrimination. *Ritter v. Hill N' Dale Farm, Inc.*, 231 F.3d 1039, 1045 (7th Cir. 2000) (plaintiff failed to prove a prima facie because a single expression of interest for a job several years earlier did not qualify as an application for the job).

Plaintiff also has not presented any evidence that he was qualified for the positions about which he inquired. Although plaintiff asserts that he was qualified for these positions, "conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002). Plaintiff asserts that he was discouraged and deterred from applying for the positions in question because

11

of Miss Paige's policy requiring job applicants to disclose their high school attendance dates and/or graduation dates on its job application form. Plaintiff relies on the futility doctrine arguing that he did not apply for the jobs at issue because of Miss Paige's alleged pervasive discriminatory practices and policies in requiring job applicants to disclose their high school attendance dates and/or graduation dates on its job application form.

The United States Supreme Court has acknowledged that there is an exception to the requirement that a plaintiff formally apply for a position. In *International Bd. of Teamsters v. United States*, 431 U.S. 324 (1977), the United States Supreme Court ruled that in determining liability under Title VII, employees are not deprived of relief just because they did not formally apply for the position, especially in the context of severe and pervasive discrimination, which might deter applicants from engaging in "a futile gesture." 431 U.S. at 365-66. However, in that same opinion, the Supreme Court also noted:

> A nonapplicant must show that he was a potential victim of unlawful discrimination. Because he is necessarily claiming that he was deterred from applying for the job by the employer's discriminatory practices, his is the not always easy burden of proving that he would have applied for the job had it not been for those practices.

*Id.* at 367-68.

In this case, plaintiff has not presented any evidence of discriminatory conduct by Miss Paige that would relieve him of the requirement of formally applying for the positions in question. Indeed, the undisputed facts show that plaintiff was told by a Miss Paige representatives that he may be qualified for the jobs at issue. In fact, each time he inquired about a job, plaintiff was invited to visit a Miss Paige office to fill out an application. Moreover,

12

plaintiff admits that he does not have any evidence demonstrating that he would not have been selected for any of the jobs if he had disclosed his high school attendance or graduation dates on the application form.

Finally, plaintiff cannot demonstrate that Miss Paige rejected him for the four positions in question or that someone substantially younger was selected for the jobs. Indeed, plaintiff admits that he never applied for the jobs at issue. Thus, Miss Paige never rejected his application. Moreover, the record is void of any evidence that Miss Paige subsequently selected substantially younger individual for the jobs. In fact, the record does not contain any evidence of who Miss Paige hired for the various jobs at issue in this case. Accordingly, plaintiff cannot establish a prima facie case of age discrimination.

Even assuming *arguendo* that plaintiff could establish a prima facie case age discrimination, Miss Paige has provided a legitimate, non-discriminatory reason for its policy of requiring job applicants to include their high school attendance dates and/or graduation dates on its application form. Specifically, Miss Paige explains that it has pledged to its client-employers, most of whom require high school diplomas as an employment prerequisite, that it will verify an applicant's educational history. Miss Paige further states that having applicants disclose their high school attendance dates facilitates the verification process. As the Seventh Circuit has stated, the court will "not sit as a super-personnel department that reexamines an entity's business decisions." *Debs v. Northeastern Ill. Univ.*, 153 F.3d 390, 396 (7th Cir. 1998). Thus, Miss Paige has articulated a legitimate, non-discriminatory reasons for its policy of requiring job applicants to disclose their high school attendance dates and/or graduation dates on the job application.

In order to satisfy his burden of persuasion, plaintiff now must show that the proffered reasons is pretextaul. "A pretext for discrimination means more than an unusual act; it means something worse than a business error; pretext means deceit used to cover one's tracks." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 730 (7th Cir. 2001). To demonstrate pretext, a plaintiff must show that each of the defendant's articulated reasons for its employment decision either: "(1) had no basis in fact; (2) did not actually motive [the employment decision]; (3) was insufficient to motivate [the employment decision]." *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002). There is nothing in the record showing that Miss Paige is lying about its proffered explanation, and plaintiff has not introduced a scintilla of evidence demonstrating that Miss Paige promulgated its policy with an intent to classify applicants based on their age or otherwise discriminate against job applicants, including plaintiff, based of age.

In sum, Cady has failed to establish a prima facie case of age discrimination and cannot demonstrate that Miss Paige's proffered reason for its policy of requiring applicants to disclose their high school attendance dates and/or graduation dates was a pretext for any discriminatory intent. Thus, we find that there are no issues of material fact, and Miss Paige is entitled to judgment as a matter of law.

### D. Plaintiff's Motion for Sanctions

Finally, plaintiff also filed a motion for sanctions against Miss Paige for purported violations of Rules 10(b) and 11(b) of the Federal Rules of Civil Procedure. However, plaintiff has not provided any evidence that Miss Paige made allegations or denials without evidentiary proof. Indeed, our review of the record demonstrates that Miss Paige's factual allegations and

denials are supported with citations to the record. Plaintiff's motion for sanctions also should be denied because he has not provided any admissible evidence supporting his claim that Miss Paige was attempting to harass him when it cited his *pro se* litigation experience. Thus, plaintiff's motion for sanctions is denied.

## CONCLUSION

For all of the foregoing reasons, defendant Miss Paige's motion for summary judgment is granted, and plaintiff Davy Cady's motion for summary judgment is denied, terminating the case. We also deny plaintiff's motion for Rule 10(b) and 11(b) sanctions, and all other pending motions are denied as moot. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 29, 2004